IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JACKIE DON MEEKS II**  **PLAINTIFF**
**ADC #165588**

v.                    No: 4:21-cv-00266-BRW-PSH

**WENDY KELLY,** *et al.*                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Jackie Don Meeks II filed a *pro se* complaint on April 5, 2021, while incarcerated at the Arkansas Division of Correction's (ADC) North Central Unit (Doc. No. 1). After Meeks filed a complete application, the Court granted Meeks *in forma pauperis* status (Doc. No. 7). At the same time, the Court ordered Meeks to file an amended complaint that clarified his claims and described only one factually

related incident or issue in his amended complaint. *Id.* Meeks subsequently filed an amended complaint (Doc. No. 10). The Court has reviewed Meeks' amended complaint and finds that he fails to describe facts sufficient to state a claim for relief as described below. Therefore, the Court recommends dismissal of his complaint.

### I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). "Although pro se complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.'" *See Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone v. Harry,* 364 F.3d 912 (8th Cir. 2004)).

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  Meeks alleges that he was attacked by other inmates on February 13, 2020, and in September of 2020, at the ADC's Tucker Unit.  Doc. No. 10 at 7.  Meeks sues ADC Director Wendy Kelley and/or Dexter Payne; Warden Joe Page III; Assistant Warden Hurst; Major Young; Lieutenant Moore; Assistant Warden Branch; Building Major Clark; Sergeant Sellers; the captain on shift in February 2020 ("Doe 1"); an unknown door officer during the February 2020 attack ("Doe 2"); a shift captain during the September 2020 attack ("Doe 3"); a door officer on 7B during the September 2020 attack ("Doe 4"); classification officer Meana; a lieutenant during the February 2020 attack ("Doe 5"); isolation correctional officers ("C/O") who wrote disciplinaries ("ISO C/Os"); a sergeant on duty during the September 2020 attack ("Doe 6"); Sergeant Powell; and other unnamed isolation C/Os who allegedly entered his cell and removed his legal documents or allowed other inmates to do so.

The Court has liberally and carefully reviewed Meeks' amended complaint and finds that he fails to describe sufficient facts to state a claim for relief, for the reasons described below.

*Conclusory Allegations*

Meeks generally alleges that multiple defendants are responsible for the attacks on him by contributing to an unsafe environment at the Tucker Unit. Specifically, he alleges that the defendants identified below took the following actions or inactions:

- Allowed continued understaffing of the Tucker Unit where altercations could continue unchecked for an extended period of time (Payne, Page, Hurst, and Branch);

- Failed to ensure a safe environment at Tucker unit (Payne, Page, Hurst, and Branch);

- Did nothing to stop the ongoing violence or contraband that flowed consistently through the unit (Payne);

- Did not correct the poor living conditions which exacerbated the altercations between and amongst the inmates (Payne, Page, Hurst, Major Young, Doe 1, Building Major Clark, Doe 3, and Branch);

- Did not ensure that those assigned positions under theirs were capable (mental acuity, training, knowledge) (Payne, Page, Hurst, Young, Doe 1, Sellers, Clark, Doe 3, Moore/Morris, Branch, Doe 5, Doe 6, and Powell);

- Did not make sure subordinates were doing jobs properly (Payne, Page, Hurst, Young, Doe 1, Sellers, Clark, Doe 3, Moore/Morris, Branch, Doe 5, Doe 6, and Powell);

- Allowed officers to follow the custom of ignoring fights thereby causing violent inmates to escalate in magnitude and duration of attacks (Page, Hurst, Young, Doe 1, Clark, Doe 3, Moore/Morris, Branch, and Doe 5);

- Allowed a barracks of extreme racial imbalance where racially motivated issues helped provoke the attacks on him (Page, Hurst, Major Young, and Doe 1);

- Put in place an experimental program that caused Meeks, a nonviolent short-term prisoner, to be placed into a barracks with the most violent gang affiliated inmates in the unit (Page and Hurst);

- Left attackers that Meeks could not identify at Tucker Unit, though security could have used cameras to identify them, increasing the chances of future attacks by the same inmates or their associates (Young); and

- Did not inform (or failed to make sure door officers acted on information provided) that there would be even greater risk of problems between inmates if dogs were successful in finding any contraband (Young, Doe 1, and Doe 5).

*Id.* at 8-27.

Meeks describes no specific facts to support his allegations that these defendants were involved in creating an unsafe environment at the Tucker Unit that ultimately led to the attacks on him. Accordingly, these allegations are too general and conclusory to state a claim for relief and should be dismissed. *See Bell Atlantic Corporation v. Twombly*, *supra*. Meeks' amended complaint contains some slightly more detailed allegations which the Court construes as failure-to-protect claims, and which will be discussed below.

### *Failure to Protect Claims*

An inmate has a constitutional right to be free from attacks by others. *See Robinson v. Cavanaugh*, 20 F.3d 892 (8th Cir. 1994). The Eighth Circuit Court of Appeals has applied the following standard to pre-trial detainees' failure-to-protect claims:

> The Eighth Amendment requires officials to "provide humane conditions of confinement" by taking reasonable steps to protect inmates convicted of crimes from assault by other inmates. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). Schoelch's custodians had a comparable duty to protect Schoelch as a pretrial detainee, although this duty arose under the Due Process Clause of the Fourteenth Amendment. *Kahle v. Leonard,* 477 F.3d 544, 550 (8th Cir.2007). To prove unconstitutional failure to protect from harm, Schoelch must show (1) an "objectively, sufficiently serious" deprivation, meaning that he was incarcerated under conditions posing a substantial risk of serious harm, *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970 (internal quotation omitted), and (2) that the defendant was deliberately indifferent to the substantial risk of serious harm. *Id.*

*Schoelch v. Mitchell*, 625 F.3d 1041 (8th Cir. 2010). An inmate's complaints regarding a "general fear for his safety" do not establish that a defendant "acted with deliberate indifference by not placing him in protective custody." *Robinson v. Cavanaugh,* 20 F.3d at 895; *Jones v. Wallace*, 641 Fed. Appx. 665 (8th Cir. 2016) (unpublished) (a general fear of another inmate is not sufficient to put guards on notice of a specific threat or danger). The Eighth Circuit Court of Appeals has also held that "unarmed prison officials have no duty as a matter of law to physically intervene in a prison fight which may cause them serious injury or worsen the situation, . . ." *See Arnold v. Jones*, 891 F.2d 1370, 1372 (8th Cir. 1989); *see also Lewis v. Varner Unit*, No. 5:18CV00221-JM-JJV, 2019 WL 3001313, at *4 (E.D. Ark. June 18, 2019), *report and recommendation adopted,* No. 5:18CV00221-JM-JJV, 2019 WL 2998738 (E.D. Ark. July 9, 2019).

<u>Page, Hurst, Young, ISO C/Os, and Powell</u>. Meeks alleges that he informed Page, Hurst, Young, ISO C/Os, and Powell a number of times that he feared for his life and safety at the Tucker Unit. He alleges that these defendants ordered that disciplinaries be issued to him instead of addressing such threats. *Id.* at 10, 12-13 & 25. Meeks does not allege that he provided these individuals with information about any specific threat against him. Additionally, he fails to allege communicating to these defendants where any such threats were made, when such threats were made, or by whom such threats were made. Because he only alleges informing these

defendants of a general fear for his safety, he did not put them on notice of a specific threat or danger, and he cannot establish that they acted with deliberate indifference by failing to place him in protective custody. Accordingly, Meeks fails to describe sufficient facts to state a failure-to-protect claim against these defendants.

<u>Sellers, Doe 2, & Doe 4</u>. Meeks alleges that Sergeant Sellers was present during the February 2020 attack but "was dismissive of multiple attempts to inform her of the heinous violation taking place" and merely "stood by observing instead of taking swift action when she became aware of the situation in the barracks." Doc. No. 10 at 16. Meeks also alleges that Doe 2, an unknown door officer, was not properly observing the barracks and took no action once he or she became aware of the attack. *Id.* at 17. Likewise, Meeks alleges that Doe 4, a door officer on Barracks 7B, watched the fight in September 2020 but failed to intervene or take any action. *Id.* at 24. None of these allegations contain sufficient facts to state a failure-to-protect claim.

While Meeks alleges that Sellers, Doe 2, and Doe 4 were present when the attacks occurred, he does not allege that they were aware of any specific threats made against him before the attack and had the opportunity to prevent it. He also does not describe the "multiple attempts to inform" Sellers of the attack, whether Sellers was aware of such attempts, or when such attempts were made. Meeks provides no facts about who attacked him, where the attack took place, or whether these defendants

had the opportunity to safely intervene. And to the extent Meeks asserts that these defendants had a duty to physically intervene during the attack, he is incorrect. Accordingly, Meeks fails to describe sufficient facts to state a failure-to-protect claim against these defendants.

  <u>Classification Officer Meana</u>. Meeks alleges that Meana accepted him for transfer to the Tucker Unit, a unit full of violence and drugs, even though he was a non-violent sex offender. Doc. No. 10 at 24. He also alleges that she kept him at Tucker after the February 2020 attack with many of the assailants. *Id.* Meeks does not allege that he informed Meana of any specific threat, that Meana was aware of an altercation, or even that Meana had authority to order him to be transferred after the first altercation. Meeks fails to describe a failure-to-protect claim against Meana.

  <u>Clark, Hurst, Branch, ISO C/Os, and Powell</u>. Meeks alleges that Clark, Hurst, Branch, ISO C/Os, and Powell "continued the disciplinary onslaught" and "threat of disciplinaries" until Meeks agreed to return to population where he was attacked in September 2020. Doc. No. 10 at 19, 25 & 28. Other than this general statement, Meeks provides no details regarding these disciplinaries, such as when they were issued or for what violations. He does not allege when he was returned to the general population, or that these defendants had the authority to transfer him to general population or that they did so with deliberate indifference to a substantial risk of serious harm. He does not allege that these defendants were aware of any specific

threat to his safety at the time he was returned to the general population. Meeks fails to allege sufficient facts to state a failure-to-protect claim based on these allegations.

In sum, Meeks fails to describe sufficient facts to state a constitutional claim that any of these defendants were deliberately indifferent to a substantial risk of serious harm to him, and these claims are therefore subject to dismissal.

### *Interference with Grievance Procedure & Removal of Legal Paperwork*

Meeks alleges that Sergeant Powell did not return a grievance, denied signing a grievance after a pink copy of it disappeared from his isolation cell, either removed or caused to be removed legal paperwork from his isolation cell, and allowed officers and inmates to enter his cell outside his presence. Doc. No. 10 at 27. He also sues the ISO C/Os for entering his cell or allowing other inmates to enter his cell to remove legal documents. *Id.* at 29.

By alleging removal of legal paperwork from his cell, the Court presumes that Meeks intends to raise an access-to-courts claim. To state an access-to-courts claim, a prisoner must show that he was "'not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, . . .'" *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (quoting *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). The prisoner must also show that an actual injury resulted, "that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Id.* Meeks has not identified what legal papers

were removed, the nature of such papers, whether they related to a pending habeas or § 1983 claim, or whether the removal of such papers resulted in hindrance of any meritorious legal claim. Accordingly, he has not alleged sufficient facts to describe an access-to-courts claim.

To the extent Meeks is claiming the removal of grievance documents prevented him from exhausting his administrative remedies, he fails to state a constitutional claim. Participation in or interference with the grievance procedure is insufficient to establish liability under § 1983. *See Rowe v. Norris*, 198 F. App'x 579, 580 (8th Cir. 2006); *see also Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003) (prisoners do not have a federally protected due process right to require prison officials to comply with internal rules or procedures). Meeks' claim could be asserted as a defense to a motion for summary judgment on the issue of exhaustion, on grounds that the grievance procedure was unavailable to him.[1] However, that is not an issue before this Court. Because an allegation that defendants interfered with the grievance procedure or rendered it unavailable does not support a constitutional

---

[1] The Prison Litigation Reform Act (PLRA) mandates exhaustion of *available* administrative remedies before an inmate files suit. 42 U.S.C. § 1997e(a). "This provision does not require exhaustion of *all* remedies; it requires the exhaustion of 'such administrative remedies as are available.'" *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (emphasis in original). The Eighth Circuit Court of Appeals has found administrative remedies to be unavailable where prison officials prevented inmates from utilizing the grievance procedures or where officials failed to comply with such procedures. *Id.; see also Gibson v. Weber*, 431 F.3d 339 (8th Cir. 2005).

claim, Meeks fails to state a claim upon which relief could be granted, and it should therefore be dismissed.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Meeks' claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 21st day of July, 2021.

_____
UNITED STATES MAGISTRATE JUDGE